UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKIE N. WALKER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3297 |
| | ) | |
| LARRY PHILLIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

1

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On October 21, 2010, Plaintiff, detained as a sexually violent person at the Rushville Treatment and Detention Center, chose to wear black pants, a black shirt, and white gym shoes.  No rules against this attire existed, and Plaintiff initially went about his daily routine without incident.

However, later in the day Defendant Tarry Williams, a security guard at the time, told Plaintiff that Plaintiff could not wear all black and must change his clothes.  Plaintiff gives no reason for Defendant Williams' pronouncement.

Plaintiff refused to change his clothes, asserting that he had a right to choose his clothing and that no rule prohibited Plaintiff's attire. Plaintiff asked to see the written rule, to which Williams replied, "It's my rule and all rules can't be posted . . . ." (Complaint, ¶ 13.)  Plaintiff still refused to change his clothes.

3

Plaintiff was escorted to a segregation cell by Defendant McAdory, then the head of security, and by other security guards, including Defendant Williams.  Plaintiff alleges that McAdory and Williams used excessive force by yanking Plaintiff's handcuffs, causing the cuffs to cut Plaintiff's wrists and straining Plaintiff's rotator cuffs.

After escorting Plaintiff to a segregation cell, Defendant McAdory refused to give Plaintiff a mattress, bedding, hygiene items, or legal materials until Plaintiff handed over his black clothes.  Plaintiff refused.  A stalemate ensued for twelve hours until Plaintiff gave in, exchanging his black clothes for bedding around 10:30 that evening.

Plaintiff received a disciplinary report arising from this incident. The author of the report was unidentified, and the report included false allegations and false charges of insolence, creating a dangerous disturbance, and threatening staff.  At the disciplinary hearing, Plaintiff explained his side of the story and presented a security guard's testimony to corroborate his version.  The Behavioral Committee found Plaintiff guilty of "interfering with facility operations," and, liberally construing the factual allegations,

ordered Plaintiff confined to a segregation cell for two weeks, 20 hours per day. Plaintiff's grievances and complaints to administrators were allegedly ignored or denied.

ANALYSIS

Plaintiff asserts that he has a First Amendment right to express himself through his clothing. The Court is not aware of any First Amendment right to wear the clothing of one's choosing. Clothes, by themselves, are not the kind of expressions protected by the First Amendment. "Although freedom of speech and of the press—the relevant terms in the First Amendment—are often loosely paraphrased as 'freedom of expression,' and clothes are certainly a way in which people express themselves, clothing as such is not—not normally at any rate—constitutionally protected expression." Brandt v. Bd of Educ. of City of Chicago, 480 F.3d 460, 465 (7th Cir. 2007). Clothing that communicates a message might amount to protected First Amendment speech, but Plaintiff's clothing did not communicate any message. *See, e.g.,* Cohen v. California, 403 U.S. 15 (1971)(State cannot punish person for wearing a jacket in courthouse which said "F--- the draft" because punishment was clearly directed at the offensive speech); Weinberg v. City of

Chicago, 320 F.3d 682, 685 (7th Cir. 2003)("The first amendment applies to the message, not the medium."); Kohlman v. Village of Midlothian, 833 F.Supp.2d 922 (N.D. Ill. 2011)("Hells Angel" insignia is not protected conduct under First Amendment because symbol does not impart a "particularized message").

Plaintiff also alleges that other residents are allowed to wear black shirts and black pants together, but his allegations are too conclusory to state an equal protection claim.  Plaintiff does not allege any facts which plausibly suggest that Defendant Williams knowingly and repeatedly allowed other residents to wear the same black-on-black ensemble while banning the ensemble just for Plaintiff.

Plaintiff also asserts that he was not given adequate notice of the rule against all black attire.  However, by Plaintiff's own admission, Defendant Williams verbally announced the rule and gave Plaintiff an opportunity to comply, which is all that due process requires. Forbes v. Trigg, 976 F.2d 308, 314 (7th Cir. 1992)(acknowledging that a "total lack of notice and opportunity to comply with a rule could violate due process," but finding no due process violation where a prison guard verbally told an inmate about a required urine

6

test and gave the inmate an opportunity to comply before ticketing the inmate for refusal to obey an order).

Additionally, Plaintiff states no federal claim arising from the denial of bedding and other supplies for 12 hours. Being denied these supplies for twelve hours is not an objectively serious deprivation under constitutional standards. *See* Sain v. Wood, 512 F.3d 886, 894 (7th Cir. 2008)(peeling paint, foul odor, no air-conditioning, cockroach infestation and poor ventilation were not objectively serious enough to implicate constitution); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994)(24-hour delay in providing hygiene and cleaning supplies did not violate inmates' Eighth Amendment rights). In any event, whether and when Plaintiff received his bedding and supplies was within Plaintiff's control. Plaintiff needed only to comply with Williams' order.

Plaintiff does state an arguable claim for excessive force against Defendants Williams and McAdory, arising from Plaintiff's allegations that his wrists were cut and rotator cuffs were forcefully extended, causing him injury and pain. Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009)(in an excessive force claim, due process clause prohibits all "punishment," providing "broader protection"

than the Eighth Amendment, "[a]lthough the exact contours of any additional safeguards remain undefined . . . .")

Also, Plaintiff might state a procedural due process claim, depending on whether the punishment he received amounted to an "atypical and significant deprivation . . . in relation to the ordinary incidents of [Plaintiff's] confinement." Thielman v. Leean, 282 F.3d 478, 484 (7th Cir. 2002)(*citing* Sandin v. Conner, 515 U.S. 472, 487 (1995).  Plaintiff seems to allege that he was confined to a segregation cell 20 hours a day for two weeks.  More information is needed to determine whether this punishment triggered procedural due process protections.

As for the procedural due process violations alleged, Plaintiff appears to assert that he lacked adequate notice of the charge of which he was found guilty.  He also asserts that he was not given a meaningful opportunity to defend himself because the identity of his accuser was not disclosed.  Lastly, he contends that no evidence supported the guilty finding, although this is difficult to understand since Plaintiff admits that he refused to follow Williams' order.

Plaintiff's procedural due process claims will proceed against Tarry Williams, who wrote the ticket, and the Defendants on the

Behavioral Committee who found Plaintiff guilty and meted out the punishment—Defendants Dobier, Jumper, and Hankins.  However, the Defendants higher up on the administrative chain cannot be held liable for the constitutional violations of their employees. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).   No plausible inference arises that these administrative Defendants were personally involved in the alleged unconstitutional conduct.  *See*  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").

IT IS THEREFORE ORDERED:

1. Pursuant to its review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims:  1) an excessive force claim against Defendants Williams and

McAdory; and, 2) a procedural due process claim against Defendants Diane Dobier, Shan Jumper, Joseph Hankins, and Tarry Williams.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendants Phillips, Scott, and Durant are dismissed for failure to state a claim against them.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that

fails to include a required certificate of service shall be considered by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on April 9, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

10. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: February 6, 2013

FOR THE COURT:

                          **s/Sue E. Myerscough**
                          SUE E. MYERSCOUGH
                   UNITED STATES DISTRICT JUDGE