E-FILED
Monday, 18 August, 2014 03:19:18 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANKIE WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3297 |
| | ) | |
| SHAN JUMPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

COLIN STIRLING BRUCE, U.S. District Judge.

Plaintiff, proceeding pro se, is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.

This case proceeds on an excessive force claim and a procedural due process claim. The events began on October 21, 2010, when Defendant Tarry Williams told Plaintiff that residents were not permitted to wear all-black clothing in the facility. When Plaintiff refused to change his all-black attire, Defendants McAdory and Williams allegedly used excessive force to escort Plaintiff to a segregation cell. A few days later, Plaintiff was punished by a

1

disciplinary committee, allegedly without sufficient notice or a meaningful opportunity to defend himself.

Defendants move for summary judgment on multiple grounds, but the Court need only address one, the statute of limitations.

A two-year statute of limitations applies to this case, which means that the case must be filed within two years of the accrual of the claim. *Bryant v. City of Chicago*, 746 F.3d 239, 241 (7th Cir. 2014)(42 U.S.C. Section 1983 claims are subject to the two-year statute of limitations in 735 ILCS 5/13-202) . Plaintiff's claims accrued on the later of the date of the constitutional violation and the date Plaintiff could have filed a lawsuit about it. *See Logan v. Wilkins*, 644 F.3d 577 (7th Cir. 2011)("For Section 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury.").

Plaintiff admits that the excessive force occurred on October 21, 2010, and that the unconstitutional disciplinary hearing and punishment occurred on October 25, 2010. (Pl.'s Resp. d/e 94-1, pp. 1-2.) He could have filed suit immediately after the alleged

violations. Plaintiff's claims therefore accrued on October 21 and 25, 2010, respectively. Barring some equitable exception or tolling, Plaintiff had until October 21, 2012, to file his excessive force claim and until October 25, 2012, to file his procedural due process claim. Plaintiff signed his Complaint on November 4, 2012 and filed his Complaint on November 5, 2012, beyond the two-year deadline.[1] Plaintiff argues that the statute of limitations tolled while he was exhausting his administrative remedies. He contends that he "must exhaust his administrative remedies before filing suit[,]" citing cases that discuss the exhaustion requirement for prisoners set forth in 42 U.S.C. Section 1997e(a). (Pl.'s Resp., d/e 94-1, p. 3.)

It is true that the statute of limitations tolls while a prisoner exhausts his administrative remedies, but that is because a prisoner is statutorily required to exhaust his administrative remedies before filing an action. 42 U.S.C. Section 1997e(a).

Plaintiff, though, is not a "prisoner" under the plain language of 42 U.S.C. Section 1997e(h) and therefore was not required to exhaust his administrative remedies before filing this case.[2]

---

[1] Plaintiff's Complaint was received on November 5, 2012, and docketed the next day.
[2] Section 1997(h): "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated

Plaintiff knows this. For example, he stated in his Complaint in this case:

> C. Is the grievance process completed?
>
> The Plaintiff is not in prison, but is civilly detained at the Illinois Department of Human Service Treatment and Detention Facility (DHS) and is not required. Neither is there an obligation that the Plaintiff complete a grievance.

(Complaint, p. 4.); *see also Walker v. Groot*, 11-3033 (Complaint, p. 5: checking no to the question whether a grievance had been filed and explaining that "[t]he Plaintiff is not in Prison but is Civilly Committed at the Department of Human Services. PLRA does not apply."); *Walker v. Pennock*, 13-3079 (Complaint, p. 4: "the Court should take notice that the Plaintiff is not in prison . . . and is not required neither obligated . . . to complete a grievance . . . ."); *Walker v. Williams*, 13-3358 (Complaint, p. 3)("The Plaintiff ask[s] the Court to please take notice that he is not in prisoner, . . . and is not required nor obligated . . . to complete a grievance . . . .").

---

delinquent for, violations of criminal law, or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Since Plaintiff was not required to pursue any administrative remedies before filing this lawsuit, the statute of limitations did not toll while he attempted to do so. *Cf. Johnson v. Rivera,* 272 F.3d 519 (7th Cir. 2001)(tolling applied while prisoner exhausted because 735 ILCS 5/13-216 required tolling if a statute prohibited bringing an action, and 42 U.S.C. Section 1997e(a) is such a statute).

Plaintiff next argues that his case is timely because Defendants' actions caused continuing harm. He argues that "[t]he sum total of the Defendants' actions and their effect did not complete themselves in October 2010, but continued to have their impact and influence into 2012." (Pl.'s Resp., d/e 94-1, p. 4.)

The continuing violation doctrine applies to ongoing constitutional violations, such as the continued refusal to provide medical care, *Heard v. Sheahan,* 253 F.3d 316, 320 (7th Cir. 2001), or repeated unconstitutional lockdowns, Turley v. Rednour, 729 F.3d 645, 651 (7th Cir. 2013). A claim on a continuing violation accrues on the date of the last violation, not the date of the first violation. *Turley,* 729 F.3d at 651.

The continuing violation doctrine does not apply here because the violations here were one-time, discrete wrongs. *Kovacs v. U.S.*, 614 F.3d 666 (7th Cir. 2010)( "The continuing violation doctrine, however, does not apply to 'a series of discrete acts, each of which is independently actionable, . . . .'"). The alleged excessive force began and ended on October 21, 2005. Similarly, Plaintiff was deprived of his purported constitutional liberty interest without due process on the day the hearing was held and the behavioral committee imposed the punishment—October 25, 2005.[3] The lingering harm suffered from these discrete wrongs does not change the accrual date. *U.S. v. Midwest Generation, LLC*, 720 F.3d 644 (7th Cir. 2013)("enduring consequences of acts that precede the statute of limitations are not independently wrongful.").

Plaintiff next argues that the doctrine of equitable estoppel applies because Defendants issued a misleading and false memo after the incident "reiterating" the rule against all-

---

[3] The Court says "purported" liberty interest because it is doubtful that Plaintiff's punishment arose to an "atypical and significant deprivation" as required to state a procedural due process claim. In *Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011), the Seventh Circuit held that no liberty interest was implicated where a sexually violent detainee was disciplined but still "free to leave his cell for most of the day, to receive visitors, and in this and other respects to avoid extremes of close confinement as are encountered in segregation." Plaintiff's punishment in this case appears to be similar to the punishment in *Miller v. Dobier*, except that Plaintiff was required to stay in his room for most of the day, receiving about three hours per day outside of his room.

6

black clothing. Plaintiff asserts that he relied on this memo, concluding that he did not have a cause of action because the rule must have been posted before the incident. Plaintiff says that he learned much later that the rule had in fact not been posted before the incident. (Pl.'s Resp. 94-1, pp. 7-8.)

"[T]he doctrine of equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, . . . ." *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593 (7th Cir. 2001). Defendants' alleged attempt to conceal that the rule against black clothing had not been announced before the incident does not fit that category. Plaintiff's procedural due process and excessive force claims have nothing to do with when or how the rule was implemented. Further, when and how the rule was implemented is not a claim in this case. As Judge Myerscough ruled in her 2/6/13 order (d/e 7), Plaintiff was given an opportunity to comply with Defendant Williams' oral direction to change Plaintiff's attire; that is all that was required, even if Williams made the rule up on the spot. In short, equitable estoppel does not apply because Plaintiff could not have

7

reasonably relied on the memo to conclude that he had no excessive force or procedural due process claim to pursue, nor did the memo prevent him from filing suit. *LaBonte v. U.S.*, 233 F.3d 1049, 1043 (7th Cir. 2000)(elements of equitable estoppel include reasonable reliance).

**IT IS THEREFORE ORDERED:**

1. Defendants' motions for summary judgment are granted (d/e's 82, 84). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All other pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

2. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c).

ENTER:

FOR THE COURT:

**s/Colin Stirling Bruce**
COLIN STIRLING BRUCE
UNITED STATES DISTRICT JUDGE